# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DONNA DESPAIN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:18-cv-02459 |
| SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Donna DeSpain ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Santander Consumer USA Inc. d/b/a Chrysler Capital ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and is headquartered in the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a Texas corporation with its principal place of business at 8585 North Stemmons Freeway, Dallas, Texas 75247.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2017, Plaintiff financed an automobile through Defendant, incurring debt ("subject debt") as a result.

7. Plaintiff traded in her old automobile and financed the remaining balance of the new automobile through Defendant.

8. Plaintiff was making timely payments on the loan until she fell on hard times and was no longer able to keep up with the payments, resulting in default.

9. Soon after Plaintiff defaulted on the subject debt, Defendant began placing automated calls to Plaintiff's cellular phone.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services ending in 0613.

11. In or around August 2017, Plaintiff answered a call from Defendant and explained that she could not afford the payments on the subject debt anymore and further demanded that Defendant cease placing calls to her cellular phone.

12. Plaintiff's demand went unheeded as Defendant continued to place automated calls to Plaintiff's cellular phone.

13. Plaintiff told Defendant on multiple occasions to stop calling her. Also, out of frustration and stress, Plaintiff even advised Defendant to repossess the automobile.

14. Although Defendant eventually repossessed the automobile, Plaintiff continued to receive the unwanted calls from Defendant to her cellular phone.

15. During the calls Plaintiff did not answer, Defendant would leave pre-recorded voice mail messages advising Plaintiff to call back.

16. Defendant called Plaintiff from numerous phone numbers, including, but not limited to, (855) 563-5635.

17. Defendant intentionally or negligently harassed and abused Plaintiff on numerous occasions by calling multiple times with such frequency as can be reasonably expected to harass.

## DAMAGES

18. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

19. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing actions.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt by way of the unwanted phone calls.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of

concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant placed or caused to be placed non-emergency calls, including, but not limited to, the calls referenced above to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on the pre-recorded voice mail messages, Defendant used an ATDS.

26. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone between August 2017 and the present day, using an ATDS without her consent.

27. Any prior consent, if any, was revoked by Plaintiff's demand that Defendant cease calling.

28. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

29. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

30. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

31. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DONNA DESPAIN respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 14, 2018

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200 Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com